Sadie B. FITZGERALD, Administratrix of the Estate of Patrick Parnell Fitzgerald, Deceased, Appellee,

v.

Robert P. WEATHERLY, Appellant.

No. 8913.

United States Court of Appeals Fourth Circuit.

Argued March 26, 1963.

Decided May 1, 1963.

William Sanders, Princeton, W. Va., for appellant.

Wade H. Ballard, III, Peterstown, W. Va., and Robert S. Irons, Radford, Va. (Ballard & Ballard, Peterstown, W. Va., on brief), for appellee.

Before SOBELOFF, Chief Judge, and BOREMAN and BRYAN, Circuit Judges.

ALBERT V. BRYAN, Circuit Judge.

An automobile truck driven by Robert P. Weatherly ran over and killed Patrick Parnell Fitzgerald at night on a West Virginia highway. From a judgment of the District Court on a verdict against him in an action brought by Fitzgerald's administratrix under the State wrongful-death statute, Weatherly presses this appeal, pointing it with these assignments: (1) that the evidence failed to prove him at fault, (2) that it proved the decedent contributorily negligent, (3) that the Court's charge was inadequate, and (4) that the trial judge's interruptions deprived him of a fair trial. Our examination of the record does not uphold the appellant.

The jury could have found these circumstances in the death of Patrick Fitzgerald: On the night of December 16, 1961 he was riding in a truck driven by one Fleeman, his employer, proceeding eastwardly in Mercer County upon a straight and level stretch of Route 460. Visibility was obscured by the darkness and also by rain. The black color of the truck and of Fitzgerald's clothing were like factors. Disrepair of the electrical system stilled the windshield wipers and dimmed the lights. To look at the battery, Fleeman drove and parked his truck well off the highway upon the bed of an abandoned road. Inadvertently the engine was allowed to stop. The battery proved too weak to restart the motor.

Fleeman and Fitzgerald then began to push the truck towards the highway. Steering the truck as they shoved, Fleeman was beside the left door; Fitzgerald was at the right rear. Once again upon the hard surface of Route 460, the men continued to move the truck east-

wardly. Whether its lights were then burning was in controversy in the testimony.

Two cars also eastbound passed the Fleeman truck and the two men on the highway by swerving to the left. The next was Weatherly's truck. Nearing the Fleeman truck at a speed estimated at 40 m. p. h., Weatherly was also meeting a vehicle westbound—coming toward him and then on the other side or east of Fleeman. Its lights were not blinding, he says, and he made out Fleeman's truck at this time, in the beam of his own headlights as he came upon it. His brakes were applied at once. Because of the oncoming car he was forced to turn to the right in an endeavor to escape Fleeman's truck. Unable to stop in time, he struck and killed Fitzgerald, whose actions just before the collision are not shown.

On this evidence, under the instructions of the Court as to the duty of Weatherly to keep a lookout for other persons and vehicles on the highway, and likewise outlining the obligation of Fitzgerald to exercise care for his own safety, the jury found against Weatherly. The amount of the verdict is not questionable.

This evidence we think required the issues of negligence and contributory negligence to go to the jury. Admittedly there were sharp conflicts in the testimony, besides the question of lights on the Fleeman truck, but the jury has resolved them in favor of Fitzgerald's administratrix. We see no justification for setting aside the jury's conclusions that Weatherly was negligent and Fitzgerald was not. The charge of the Court was accurate and comprehensive. We find nothing in it unfair to Weatherly.

As hurtful to him, he adverts to interruptions of his attorney from time to time by the judge. He stresses these interjections impeded the presentation of the defense. Each of these instances has been examined. While they may have irritated counsel they did not in our judgment violate, as the appellant charges, freedom of advocacy or judicial propriety.

Finding no error, we affirm the judgment.

Affirmed.